United States District Court
Southern District of Texas
**ENTERED**
September 17, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MICHAEL WILSON, a/k/a MICHAEL A. WILSON, a/k/a MICHAEL ANTHONY WILSON, SPN #00230492, §
§
*Plaintiff*, §
§
v. § CIVIL ACTION NO. H-23-4697
§
ED GONZALEZ, *et al.*, §
§
*Defendants*. §

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a Harris County pretrial detainee proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983 against Harris County Sheriff Ed Gonzalez, an unnamed medical supervisor, and an unnamed mail room supervisor.

Having screened the complaint pursuant to 28 U.S.C. §§ 1915(A) and 1915(e), the Court **DISMISSES** this lawsuit for the reasons shown below.

## I. BACKGROUND AND CLAIMS

Plaintiff sets forth the following as his "Statement of Claim" in his complaint:

> I've been requesting to be seen by a real doctor to understand why the bioengineered food that I'm being given to eat does not process through my body correctly. (The supervisor over the medical department @ [*sic*] 701 San Jacinto St. Jail whom [*sic*] won't give their name). Blocked bowels.
>
> Mail room supervisor whos [*sic*] name was not given, alowed [*sic*] emploees [*sic*] to lie to the U.S. Courts stating that I was "no longer in custody" resulting in having my case dismissed.

(Docket Entry No. 1, p. 4.)

The Court liberally construes plaintiff's allegations as raising claims for deliberate indifference to his medical needs and for denial of access to the courts.

As judicial relief, plaintiff requests that the Harris County Sheriff's Office be ordered to pay all of the filing fees for his past and present lawsuits, and to have "all of [his] medical issues resolved." *Id.*

## II. STANDARD OF REVIEW

Plaintiff's complaint is subject to screening under 28 U.S.C. §§ 1915(e) and 1915A, which requires a district court to scrutinize claims in a civil action brought by a prisoner and dismiss the complaint, in whole or in part, if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A. A reviewing court may dismiss a complaint for these reasons at any time on its own motion or on the motion of a party. *Id.*

A claim is frivolous if it lacks an arguable basis in law or fact. *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (quoting *Talib*, 138 F.3d at 213).

Pleadings filed by *pro se* litigants must be construed under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972). Under this standard, a court liberally

construes a document filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the factual allegations pleaded by the litigant must state a viable claim for relief; liberal construction does not require the Court to create causes of action where there are none. *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

## III. ANALYSIS

### A. Defendant Ed Gonzalez

Plaintiff names Harris County Sheriff Ed Gonzalez as a defendant. (Docket Entry No. 1, p. 1.) However, he pleads no factual allegations against Gonzalez in his complaint and makes no mention of Gonzalez beyond listing him as a defendant.[1]

The Court is unable to liberally construe any of plaintiff's factual allegations as raising a colorable claim for relief against Gonzalez. This is plaintiff's second lawsuit complaining of his medical care at the Harris County jail, and the second lawsuit he has named Gonzalez as a defendant without pleading any factual allegations against him. Plaintiff has had two opportunities to plead factual allegations raising a viable claim against Gonzalez, but has failed to do so.

---

[1]Plaintiff filed an earlier lawsuit raising the same claim raised here for deliberate indifference as to being seen by a physician assistant instead of a physician. *Wilson v. Supervisor Over the Medical Dept.*, C.A. No. H-23-4058 (S.D. Tex. Nov. 27, 2023). The lawsuit was dismissed for want of prosecution. The Court has reviewed plaintiff's complaint in that lawsuit and notes that, as here, plaintiff named Gonzalez as a defendant but pleaded no factual allegations raising a claim against him.

Plaintiff's claims against defendant Ed Gonzalez are **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under section 1983.

B. Defendant Medical Supervisor

Plaintiff complains that he has not been allowed to see "a real doctor" in order to understand why the "bioengineered food" he is being given "does not process through [his] body correctly." He was seen by a midlevel provider (a physician assistant) instead of a physician, and his request to be seen by a physician was denied.[2] Plaintiff appears to contend that an unnamed medical supervisor denied his request to be seen by a physician.

Pretrial detainees have a due process right under the Fourteenth Amendment not to have their serious medical needs met with deliberate indifference. *Thompson v. Upshur County*, 245 F.3d 447, 457 (5th Cir. 2001). The deliberate indifference standard for pretrial detainees is the same as that for a prisoner under the Eighth Amendment. *Cadena v. El Paso County*, 946 F.3d 717, 727 (5th Cir. 2020).

A prison official acts with deliberate indifference only if he "knows that an inmate faces a substantial risk of serious bodily harm" and he "disregards that risk by failing to take reasonable measures to abate it." *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019); *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a

[2]*See Wilson v. Supervisor Over the Medical Dept.*, C.A. No. H-23-4058 (S.D. Tex. Nov. 27, 2023) (dismissed for want of prosecution). In this earlier case, plaintiff raised the same deliberate indifference claim raised here, and stated that "I've requested to be seen by a medical doctor and the only person they let me see is a [physician assistant]."

prisoner's disagreement with his medical treatment, absent exceptional circumstances. *Gobert*, 463 F.3d at 346; *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Further, the decision whether to provide additional or different treatment "is a classic example of a matter for medical judgment." *Domino v. Texas Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A showing of deliberate indifference requires the prisoner to establish that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.*; *see also Gobert*, 463 F.3d at 346.

Plaintiff pleads no factual allegations sufficient to raise a colorable claim for deliberate indifference. The basis for his claim centers on the type and level of care he received – he wanted to be seen by a "real doctor" instead of a midlevel provider. Plaintiff enjoys no constitutional right to be seen by a medical provider of his choice, and his complaint of being seen by a physician assistant instead of a physician does not rise to the level of deliberate indifference. *See Gobert*, 463 F.3d at 346 (noting that prisoner's disagreement with his medical treatment does not constitute deliberate indifference).

Plaintiff's claims against the unnamed medical supervisor are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for relief under section 1983.

C. Defendant Mail Room Supervisor

Plaintiff states that he filed a civil lawsuit in October 2023 complaining that the Harris County Jail food was giving him gastrointestinal issues and that he was examined by a

physician assistant instead of a "real doctor." As judicial relief, he stated that, "All I want is to be put on a regular diet and to find out why this bioengineered food is blocking my bowels." *Wilson v. Supervisor Over the Medical Dept.*, C.A. No. H-23-4058 (S.D. Tex. Nov. 27, 2023). Plaintiff states that the lawsuit was subsequently dismissed without prejudice for failure to prosecute because jail mail room staff returned his mail as undeliverable, lying to the Court that he had been released from custody. As stated earlier, the Court construes plaintiff's allegations as raising a claim for denial of access to the courts.

To raise a viable claim for denial of access to the courts, a prisoner must plead factual allegations showing that his ability to pursue a nonfrivolous legal claim was lost or otherwise prejudiced by the defendant's actions. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Lewis v. Casey*, 518 U.S. 343, 351 (1996). That is, the prisoner must show an actual injury regarding a viable legal claim. *Lewis*, 518 U.S. at 351–53.

In plaintiff's case, the Court dismissed his earlier lawsuit without prejudice for failure to prosecute. Plaintiff did not attempt to reinstate the lawsuit; to the contrary, he filed the instant lawsuit one week later raising the claims anew. His claims are not barred by limitations or otherwise precluded by prior court action. Thus, plaintiff has made no showing that his ability to pursue the claims has been prejudiced. Moreover, as the Court has determined, *supra*, plaintiff's claims for deliberate indifference have no merit. Plaintiff shows no actual injury, and no colorable claim for denial of access to courts has been raised.

Plaintiff's claims against the unnamed mail room supervisor are **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under section 1983.

## IV. CONCLUSION

For the reasons shown above, the Court **ORDERS** as follows:

1. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim upon which relief may be granted under section 1983.

2. Any and all pending motions are **DISMISSED AS MOOT**.

3. This dismissal constitutes a "strike" for purposes of section 1915(g), and stands as plaintiff's second strike. *See Wilson v. Ogg*, C.A. No. H-20-2288 (S.D. Tex. Sept. 3, 2020) (dismissed for failure to state a claim and strike assessed). Plaintiff is warned that if he incurs a third strike, he will be barred permanently from proceeding *in forma pauperis* in any federal civil action or appeal filed while he is incarcerated or detained in any facility unless he demonstrates he is under imminent danger of serious physical injury.

Signed at Houston, Texas, on this the 16th day of September, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE